**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
COURT FILE NO.: _____

| | |
|---|---|
| Chase Gelakoski, | |
| Plaintiff, | |
| vs. | |
| American Coradius International, Inc., a foreign corporation, | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff Chase Gelakoski (hereinafter "Gelakoski" or "Plaintiff") is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant American Coradius International, Inc., ("American Coradius" or "Defendant"), upon information and belief, is a foreign corporation that operates as a debt collection agency and has a registered address of 2420 Sweet Home Road, Suite 150, Amherst, New York 14228.  American Coradius is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.   Plaintiff allegedly incurred a financial obligation with Chase Bank, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

8.   The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

9.   Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before November 2009.

10.   On or about November 23, 2009, American Coradius communicated with Plaintiff by leaving automated messages in an attempt to collect this debt, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.   In these automated messages, American Coradius violates 15 U.S.C. § 1692d(6) of the FDCPA because American Coradius does not "meaningfully disclose" that American Coradius is a debt collector calling to collect a debt.  American Coradius also violates 15 U.S.C. § 1692e(11) of the FDCPA because American Coradius fails to disclose to Plaintiff that it is a debt collector.

12.   Specifically, for example, American Coradius left the following automated message for Plaintiff: "Hi Chase this is Bonnie at ACI.  Chase, give me a call back. I'm in the office tonight until 9:00 tonight.  The phone number that I can be reached at is 1-800-753-0633. Chase my extension here is 2217.  Please give me a call back.  Thank you."  This message lasted for 22 seconds.

13.   On or about December 23, 2009, American Coradius left the following automated message for Plaintiff:  "Hi, this message in intended for Chase Gelakoski.  This is Katie with ACI.  Can you please give me a call today at 1-800-753-0633?  My extension is 2330."  This message lasted for 15 seconds.

14.   On or about January 18, 2010, American Coradius left the following automated message for Plaintiff:  "Hi, this message is intended for Chase Gelakoski.  This is Katie with ACI.  Could you please give me a return call today at 1-800-753-0633, extension 2361?  Thank you."  This phone call lasted for 17 seconds.

15.   Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by American Coradius.

16.   Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of American Coradius's acts and omissions.

## TRIAL BY JURY

17.   Plaintiff is entitled to and hereby demand a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

18.   Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

19.     The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

20.     As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

21.     As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

22.     As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

**<u>COUNT I: FDCPA VIOLATIONS</u>**

- For declaratory and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C.  § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

## **SUCH OTHER RELIEF**

- For such other and further relief as may be just and proper.

Dated:  March 18, 2010.                    **MARSO AND MICHELSON, P.A.**


By:___s/Patrick L. Hayes_____
      Patrick L. Hayes (0389869)
      Attorneys for Plaintiff
      3101 Irving Avenue South
      Minneapolis, Minnesota 55408
      Telephone: 612-821-4817
      phayes@marsomichelson.com


Dated:  March 18, 2010.                    **MARSO AND MICHELSON, P.A.**


By:___s/William C. Michelson_____
      William C. Michelson (129823)
      Attorneys for Plaintiff
      3101 Irving Avenue South
      Minneapolis, Minnesota 55408
      Telephone: 612-821-4817